**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  05-cr-00458-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOSE LUIS HUERTA,

      Defendant.

**MOTIONS HEARING AGENDA
(January 26, 2007, 1:30 p.m.)**

      **IT IS ORDERED** that at the motions hearing set to commence at 1:30 p.m., on January 26, 2007, the court shall hear pending motions in the following order.  The parties shall be prepared to present evidence and oral argument on the issues raised by and inherent to these motions.

| Item No. | Dkt. No. | Motion Title | Date Filed | Action |
|---|---|---|---|---|
| 1 | 20 | Defendant's **Motion To Suppress Statements** | 9/12/06 | |
| 2 | 23 | Defendant's **Motion In Limine To Exclude Alleged Mexican Birth Certificate** | 10/16/06 | |
| 3 | 21 | Defendant's **Motion To Exclude Evidence of** *Ex Parte* **Administrative Action And Request For finding of Full Faith And Credit** | 9/12/06 | |

      Defendant's **Motion In Limine To Exclude Alleged Mexican Birth Certificate** [#23] implicates **Fed.R.Crim.P. 26.1** and requires me to determine, *inter alia*, as a matter of law whether defendant's putative Mexican birth certificate is valid under Mexican law. Assuming *arguendo* that the government intends to offer defendant's putative Mexican birth certificate at trial, then as the proponent of such evidence, the government must establish by a preponderance of the evidence its authenticity, its admissibility, and its validity (under Mexican law). Therefore, the parties, commencing with the government, should be prepared to circumstantiate by evidence and legal authority all issues of fact and

law raised by or inherent to defendant's motion, including, but not necessarily limited to the following: 1) whether defendant's putative Mexican birth certificate is entitled to a presumption of regularity under American or Mexican law; and 2) whether defendant's putative Mexican birth certificate is valid under Mexican law, which issue, in turn, raises the subissues of a) what information is required under Mexican law for a valid birth certificate; and b) what effect, if any, does the lack of any required information, e.g., the infant's fingerprint, have on the validity of the birth certificate.

Defendant's **Motion To Exclude Evidence of *Ex Parte* Administrative Action And Request For finding of Full Faith And Credit** [#21] requires me to determine, *inter alia*, as a matter of law whether defendant's Californian birth certificate is entitled to full faith and credit. Therefore, the parties, commencing with the defendant, should be prepared to circumstantiate by evidence and legal authority all issues of fact and law raised by or inherent to defendant's motion.

The parties are encouraged to meet and confer to facilitate their stipulation, if any, to as many facts as practicable, consistent with the constitutional rights of the defendant and counsels' respective ethical obligations.

Dated January 19, 2007, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge